## THOMPSON v. UNITED STATES FIDELITY & GUARANTY CO.
### No. 11015.

Circuit Court, Leon County.

March 1, 1965.

W. J. Oven, Jr., Tallahassee, for the plaintiff.

W. K. Whitfield, Tallahassee, for the defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

*Order granting motion to strike parts of answer:* This cause came on for hearing on plaintiff's motion to strike parts of defendant's answer. Such parts relate to and set up the defense that defendant is entitled to a settlement of this controversy by arbitration.

Plaintiff is here suing defendant for damages allegedly sustained from an automobile accident which plaintiff alleges resulted from negligence of an uninsured motorist. The policy of insurance issued by defendant to plaintiff contained an uninsured motorist clause pursuant to section 627.0851, Florida Statutes. The insuring agreement contains the following provision for arbitration —

*"Arbitration.*

"If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

Plaintiff set out the following grounds in support of its motion to strike —

"1. The language of the policy providing for compulsory arbitration is in conflict with F. S. 627.0851.

"2. The language of the policy providing for compulsory arbitration is unenforceable as being an agreement to oust the Court's jurisdiction, the Florida Arbitration Code being unconstitutional as applied to this contract.

"3. The answer fails to allege that the defendant ever admitted it was, or might be, liable to the plaintiff under the uninsured motorist provision of said policy.

"4. The answer fails to allege the ground, or grounds, upon which defendant desired arbitration.

"5. The answer conclusively shows the defendant has waived any right to arbitration it might otherwise have retained under the terms of the policy in question."

As to the first ground, there is no conflict between the arbitration clause and section 627.0851. Arbitration does not in any way diminish the coverage required by said statute. By it, the parties have merely agreed to an alternative means for determining the controversy, if either desires to invoke it, rather than by court action. Such is in conformity with the Florida Arbitration Code, sections 57.11-57.31, Florida Statutes.

Plaintiff has abandoned his second ground.

As to grounds 3, 4 and 5, from the undenied allegations of the complaint it appears that the automobile accident out of which this controversy arose occurred on December 17, 1963. Defendant was duly notified of the circumstances surrounding plaintiff's injuries and paid plaintiff the sum due him as a result of said accident under provisions of the policy other than the uninsured motorist provisions.

On July 21, 1964, defendant notified plaintiff's attorney that it had exhausted the payments required by "Coverage C, Medical Payments" under the policy. Upon receipt of this letter plaintiff, through his attorney, by his letter of July 24, 1964, notified defendant company that plaintiff claimed the full limit of $10,000 pursuant to the policy for pain and suffering, loss of earning capacity and permanent damages sustained by him as a direct result of the accident. This claim was made under the uninsured motorist provision. Plaintiff further in said letter advised defendant that if it was unable to agree that plaintiff was entitled to recover the full $10,000 plaintiff recognized that defendant was entitled to have the liability and amount of damage determined by arbitration. Plaintiff further added as follows —

"Demand is accordingly made upon you that if you desire arbitration on the question either of liability, or amount of damages, or both, proceed to have the matter settled in accordance with the rules of the American Arbitration Association."

Again on August 25, 1964, plaintiff renewed his demand and advised defendant that upon its failure to act prior to October 1, 1964, suit would be instituted in the circuit court of Leon County. Defendant acknowledged receipt of said letter by its letter to plaintiff of August 31, 1964, simply stating it was referring the matter to its Tallahassee office, giving no further information. Plaintiff on October 19, 1964, filed this suit, no admission or denial of liability by defendant having been made and no arbitration proceedings having been instituted or demanded by defendant.

By its terms this arbitration agreement is activated upon demand by one party or the other for arbitration after failure to agree to liability or damages owed. Plaintiff's "demand" contained in its aforesaid letter to defendant was not, by its terms, a demand for arbitration. Defendant had not denied liability or damages. The "demand" was that defendant either pay the claim or *if defendant desired arbitration* on the question of either liability or amount of damages, or both, *defendant* should proceed to have the matter settled in accordance with the rules of the American Arbitration Association. Defendant did nothing; it did not admit or deny liability, institute arbitration proceedings, demand arbitration or in any way indicate that it wanted arbitration. What was plaintiff, who preferred to settle the matter in court but recognized defendant's right to arbitration if defendant desired same, to do? Plaintiff's attorney, after waiting a month, wrote another letter renewing his request and adding that upon defendant's failure to take the action suggested plaintiff would file suit on October 1, 1964—over a month thereafter. October 1 passed with no response from defendant, and on October 19, 1964, plaintiff, still having no reply from defendant, filed this suit. Then on January 26, 1965, defendant made demand for and proceeded to institute arbitration proceedings.

Defendant is correct in its contention that either party had the right to institute arbitration proceedings and that plaintiff need not have waited for defendant to institute them before doing so himself, but this contention overlooks the fact that plaintiff did not know whether defendant denied liability or damages or whether defendant demanded arbitration. Plaintiff apparently preferred to settle the matter by court proceedings, as he instituted same after giving defendant over thirty days notice that he would do so unless defendant sought arbitration. What more can a plaintiff, who does not himself desire arbitration, do? How long must he wait? The arbitration provision specified no time limit for the demand for arbitration; therefore, it must be assumed that it means a reasonable time. Certainly this plaintiff waited a rea-

sonable time for defendant to demand arbitration—over ten months from the date of the accident, over two months from plaintiff's first notice to it to seek arbitration if it contested the claim and desired to arbitrate the matter, and over one month from plaintiff's second notice which advised that suit would be filed on October 1 if no arbitration action was taken by defendant in the meantime. Under these circumstances, defendant had a duty to speak if it wanted the matter settled by arbitration rather than in court. Its failure to speak constitutes a waiver of demand for arbitration.

It is, therefore, ordered and adjudged that plaintiff's motion to strike be, and it is hereby, granted and the following parts of defendant's answer be, and they are hereby, stricken —

"(a) All of paragraph 9 of the first defense following the word 'complaint';

"(b) The second complete sentence in paragraph 10 of the first defense;

"(c) All of paragraph 12 of the first defense;

"(d) All of the second defense."